Van Brunt, P. J.
The learned justice before whom this-case was tried, refuses to find that the leases as executed, did not truthfully or correctly set forth the agreement between the parties thereto, or that the covenants as to-dredging and repairs were unintentionally and inadvertently omitted therefrom, or that said instrument did not-correctly express the agreement of the parties thereto, and found as matter of fact said leases were duly executed;, therefore, unless it can be shown with reasonable clearness that these findings were erroneous, the judgment cannot be disturbed.
The talks which the defendants had with the dock commissioners have no relevancy to this controversy because-the dock commissioners could make no private arrangement with the defendants as to what they would or would, not do with the piers.
The leases were to be sold at public auction, terms of sale were to be and were announced by the auctioneers, and if any binding representations were made, they were contained in the terms of sale.
The terms of sale provide that the usual form of lease-was to be executed, they then said that dredging to the-depth of ten feet was to be done by the department, but that the premises were to be taken in the condition they were' in on the first of May next after the sale, the date-when the term of the lease was to commence.
From these terms it is clear that it was not intended that there should be any dispute as to the fulfillment of the dredging condition after the lessee went into possession on May first. If the lessee went into possession then, although the dredging had not been done contemplated by the terms of sale; such taking possession was a waiver of that condition as the premises were to be taken in the-condition that they were in on May first.
In the case at bar no lease being executed, the failure to-dredge might well have been a good reason for refusal to take possession on May first, and subsequently to execute the lease, but the lessees having taken possession cannot-now defend upon the ground that the dredging has not been done, having gone into and remained in possession during their whole term.
*285 But there is additional evidence of waiver which is conclusive upon the defendants in this case.
Subsequent to May first, and while in possession of these piers the defendants executed a lease to these plaintiffs which contains no covenants whatever.
It is a well-settled rule of law that where parties enter into a written agreement respecting any subject, it is presumed that the whole contract between the parties is embraced therein; that all prior and contemporaneous negotiations and oral promises hr relation to the subject-matter are merged in the written agreement and the rights of the parties are defined by the terms of the agreement.
In the case of Wilson v. Deen (74 N. Y., 534), where an action was brought by a lessee against the lessor of certain premises to obtain a cancellation of a léase and relief from its obligations upon the ground that certain promises in relation to repairs and furnishing of the premises had not been complied with and where a judgment was given in favor of the plaintiff in the court below, the court of appeals say:
‘‘We think it impossible to sustain these conclusions without disregarding the established rule of law, that a written contract merges all prior and contemporaneous negotiations and oral promises in reference to the same subject, and that when the terms of a lease are in writing the rights and duties of the parties depend upon the terms or legal intendment of the lease itself, or as otherwise ex pressed, that it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking are embraced in the writing.
“ This rule has been repeatedly applied to cases like the present, where the tenants have set up oral agreements or promises alleged to have been made by the landlord at the time of, or before, the execution of the lease, and as an inducement thereto. The alleged promises have, in most of the cases, been to put the premises in repair, but they have uniformly been held tq have been merged in the lease ” Cleves v. Willoughby, 7 Will. 83; Speckels v Sax, 1 E D. Smith, 253; Hartford Steamboat Co v The Mayor, 78 N Y., 1; Rilley v. City of Brooklyn 46 id 444
In Hartford Steamboat Co. v The Mayor (supra), the controversy arose upon a lease precisely the same in form as that in the case at bar.
The court there say:
‘ ‘ The allegations that the plaintiff entered into the said, agreement upon the representation that substantial repairs would be made by the,defendant upon the pier, etc., adds no strength to the plaintiff’s case. Such representations could not vary or add to the terms of the written agree *286 ment, but were merged in it. The case must depend upon the construction of the written instrument.”
There is no evidence whatever to support the claim that the clause in respect to the plaintiff’s dredging was unintentionally or inadvertently omitted from the lease.
The usual form of lease was to be and was given, and such usual form contains no. such clause, and in none of the evidence does any witness swear that any such provision was to be inserted in the lease, and even if there was enough evidence to support such a finding, if made, there is ample evidence to sustain the refusal made by the learned court.
The claim is now made, which does not seem to have been advanced upon the trial of this cause, that this agreement may be enforced as an independent agreement, and certain English cases are cited to support the proposition.
It is doubtful whether under the pleadings or" the requests to find, such a question can be raised, there being-no appropriate allegations in the answer or claims made in the requests to find.
The defendants evidently proceeded at the trial upon the ground of reformation, and not upon an independent agreement. But whether this be so or not, by the terms of sale the lessees agreed to take the premises as they were on May first, and by going into possession on May first, and subsequently taking a lease, they waived the agreement to dredge, if such an agreement existed.
In the case of Hartford Steamboat Company v. Mayor (supra) it was distinctly held that promises to make repairs were merged in the written contract, and such contract must govern.
. The judgment appealed from must be affirmed, with costs.
Daniels and Brady, JJ. concur.